## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERAN RUBINSTEIN AND SUSAN BOLTZ RUBINSTEIN : | |
| : | |
| Plaintiffs, | |
| : | Docket No.: 2:09-cv-03158-ER |
| : | |
| v. | |
| : | |
| HAGENS BERMAN SOBOL SHAPIRO LLP, STEVE W. BERMAN : | |
| : | |
| Defendants : | |

---

### [CORRECTIVE][1] AFFIDAVIT OF NINO V. TINARI, ESQUIRE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS, TRANSFER OR STAY CONCERNING JUNE 23, 2009 CORRESPONDENCE AND DEFENDANTS' MATERIAL FRAUD IN ATTEMPT TO OBTAIN FIRST FILED STATUS IN WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : |
| | : ss. |
| COUNTY OF PHILADELPHIA | : |

Before the undersigned, an officer duly authorized by law to administer oaths, personally

appeared NINO V.TINARI, ESQUIRE, who, on oath, states as follows:

---

[1] Plaintiffs previously incorrectly cited a June **22,** 2009 date for my correspondence. A true and correct copy of the letter, dated June **23** is attached as Exhibit A.  Also attached as part of Exhibit A are federal express confirmation documents indicating receipt of the June 23 letter on June 24 by Defendant law firm Executive Committee Members Robert Carey, Thomas Sobol, and Anthony Shapiro. Defendants themselves attached the correct version of this June 23 letter to Steve Berman's July 14, 2009 Declaration, with a check mark showing that that particular copy was received by Tom Sobol (Washington Docket # 5, Attachment #22, Exhibit V; attached here as Exhibit C).

1.    As counsel for the Rubinsteins I hereby submit this affidavit concerning my critical June 23, 2009 suit threatening correspondence in support of the Opposition to Defendants' Motion to Dismiss Or, In the Alternative, to Transfer or Stay.

2.    The record indicates that, at all times, as Plaintiffs' counsel, I made clear in writing to Defendants that Plaintiffs wished to resolve outstanding issues and that suit would only be brought against Defendants *if and only after* Defendants terminated Plaintiffs' contract and/or payments or brought legal action of its own against Plaintiffs.  (Washington Docket # 11, Exhibit U and V; attached here as Exhibit B) In short, I made clear that, absent such action *on the part of Defendants*, suit would <u>not</u> be filed by Plaintiffs.

3.    After months of documented refusal by Defendants to engage with my clients  in case prosecution and violation of virtually every single contractual, legal and ethical duty owed to my clients and third parties, on June 23, 2009 I sent Defendants a correspondence threatening suit on or after <u>July 2, 2009</u>.   **See Exhibit A.**

4.    My June 23, 2009 suit threatening letter put Defendants on notice that they were under clear and imminent threat of a lawsuit.

5.    My June 23, 2009 letter was definitive, clear and ***for the first time, by either party, set forth a date certain response deadline*** of <u>July 2, 2009</u>.  In fact, all of Defendants' subsequent actions, and ultimate filing, were geared around racing to the courthouse prior to the July 2nd deadline.

2

6.     The record makes clear that immediately following my June 23 letter Defendants thereafter resorted to fraudulent submissions to the Washington Court and engaged in other abject bad faith and fraudulent tactics, while at the same time working aggressively to prepare and file the Washington complaint, in order to beat my clients to the courthouse prior to the July 2 deadline.

7.     First, starting on the day following my June 23 threat of imminent litigation, Defendant Executive Committee Member Thomas Sobol began to lull the Rubinsteins, expressing appreciation, thanking the Rubinsteins for their June 9 and June 23 letters, documents and enclosures (the first which included promises of retainers and the second delivered retainers). Sobol also stated that he had "family issues" and asked the Rubinsteins if they could "wait" until the next week for a response. Washington Docket # 11, Ex. LL; attached here as Exhibit D.

8.     Then, on June 26, 2009, in an effort to continue to lull the Rubinsteins, Sobol wrote again, this time requesting that the Rubinsteins agree to delay "discussions" until the following week again stating that he still had a "family" issue that he needed to take care of. Washington Docket # 11, Ex. NN; attached here as Exhibit E.

9.     All the while, Sobol knew that a complaint was in the works and would be filed "next week" prior to the July 2 deadline.

10.    On June 30, 2009, two days prior to July 2 i.e., the date that my suit-threatening letter gave as a deadline for response, and while my clients were awaiting a

3

response from Sobol, Defendants filed a bogus, fatally flawed, "declaratory judgment action"[2] in the Western District of Washington. Docket #3.

11.    An email exchange, immediately after Defendants' filing, between Peter Vial, counsel for Defendants, and the Western District of Washington court staff, illustrates the urgency for Defendants that the June 30 complaint become available for presentation to the Rubinsteins *prior* to the July 2 deadline. Washington Docket #1, Attachment #2; attached here as Exhibit F. Defendants needed a guarantee that they could obtain the complaint so that it could present it to the Rubinsteins *no later than on July 1* prior to the July 2nd deadline that I had imposed in my June 23 correspondence.

12.    And, in view of the July 2 deadline, it was absolutely necessary for Defendants to *first* file the Washington complaint without the Rubinsteins' knowledge or anticipation. So Defendants did so while the Rubinsteins were still employed at Defendant law firm. See Exhibit G.

13.    In order to secretly complete the filing under the circumstances the Defendants falsely averred in their June 30 declaratory complaint that it had already terminated the Rubinsteins' Of Counsel relationship/contract with Defendants, when, in fact, it had not. Washington Docket #11, Ex. OO; attached here as Exhibit G.

---

[2] As previously briefed, the so-called "declaratory judgment" action, factually and legally untenable and invalid on its face, was, based on the record, a preemptive strike to a well documented breach of contract action in favor of my clients.

14.  This knowing, deliberate and false averment of termination was in clear violation of Washington State Rule of Professional Conduct 3.3 Candor Toward the Tribunal and Rule 11.

15.  Without an averment of termination the Complaint would have been inadequate on its face.  In fact, the Rubinsteins were notified of their termination and the Washington lawsuit on the morning of July 1, 2009 when they were contacted by the press at Defendants' New York office for commentary.  Washington Docket # 11, Ex. OO; attached here as Exhibit G.

16.  It was not until after the press contacted Defendants for commentary on the June 30 suit that the Rubinsteins received an email from Berman at their still active law firm accounts with a copy of the complaint that Berman had caused to be filed against them on the day prior. Washington Docket # 11, Ex. OO; attached here as Exhibit G.

17.  Defendants clearly knew they were under threat of imminent litigation and did everything in their power, even resorting to fraudulent submissions to the Washington Court and abject deceit, to guarantee the filing of the Western District of Washington declaratory judgment action prior to the July 2 deadline, and prior to my filing of imminently threatened litigation in Pennsylvania.

18.  The June 30 filing of the Washington complaint was only necessary to beat my clients to the courthouse prior to July 2  thereby denying them a forum in which they could acquire legal representation. The record is clear that on both June 9, 2009 and June 23, 2009 the Rubinsteins sent Defendant law firm Executive Committee member Thomas Sobol correspondence (with enclosures) and on each date invited Sobol to meet and interact with the proposed Multi-Plaintiff Group clients.

5

Washington Docket # 11, Ex. II and Ex. KK; attached here as Exhibit H. Clearly, a Defendant law firm Executive Committee Member was in a position to meet with and/or interact with clients.

19. Indeed, Defendants' delay in serving the Rubinsteins with the complaint and TRO over the course of fifteen days highlights its lack of necessity and urgency once they had beaten the Rubinsteins to the courthouse. See Exhibit I.

20. As promised by my June 23rd letter, on July 6, 2009 i.e., six days after the filing of the Washington case and immediately after my clients were able to access assistance from my office after the July 4 holiday closure, the Rubinsteins commenced this action in Pennsylvania by Writ of Summons and on July 9, 2009 filed a Complaint ("Pennsylvania action"). Docket #2, Attachment 2. This was days before the Rubinsteins were even served in the Washington action.

21. Defendants, in an attempt to beat my clients to the courthouse prior to the July 2 response deadline, resorted to lulling my clients while creating and then submitting a filing in which they set forth a material fraudulent averment without which they could have not fled the Washington declaratory action prior to the July 2 deadline.

22. Defendants' submissions to the Washington court were accordingly in clear violation of Washington State Rule of Professional Conduct (3.3 Candor Toward the Tribunal) and the Federal Rules of Civil Procedure (Rule 11).

23.    Based on the foregoing material fraud in the Washington filing(s), the Washington action must not be afforded first-to-file protection and *this* Court *rather* than the Seattle Court is the appropriate Court to determine which action should be afforded first-to-file status.

By:      _Nino V Tinari_

                    Nino V. Tinari
                    1528 Walnut Street
                    Suite 400
                    Philadelphia, PA 19102
                    215-790-4010
                    215-790-4002
                    PA BAR # 04296

Sworn to and subscribed by me

This   **5ᵗʰ**   day of   *October*   , 2009.

_signature_

Notary Public
My Commission Expires:

NOTARIAL SEAL
MICHAEL S MEDNICK
Notary Public
PHILADELPHIA CITY, PHILADELPHIA COUNTY
My Commission Expires Oct 21, 2010

7

## <u>CERTIFICATE OF SERVICE</u>

I certify that on October 5, 2009, I filed the foregoing with the Clerk of the Court and sent via first class mail to:

> Daniel B. Allanoff
> Meredith Cohen Greenfogel & Skirnick, P.C.
> 1521 Locust Street, 8th Floor
> Philadelphia, PA 19102

DATED  October 5, 2009.

By:    /S/ Nino V. Tinari
       Nino V. Tinari
       1528 Walnut Street
       Suite 400
       Philadelphia, PA 19102
       215-790-4010
       215-790-4002
       PA BAR # 04296